Daniel G. Shay, Esq. (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Plaintiff Pro Se*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. SHAY, | CASE NO. '14CV1257 L   WVG |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ.** |
| CALLFIRE, INC., MIKE ROSE, LLC, THE SPORTS NETWORK, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

1

Complaint for Damages

## INTRODUCTION

1. Daniel G. Shay ("Plaintiff") brings this action for damages, injunctive relief and any other available legal or equitable remedies, resulting from the illegal actions of CallFire, Inc. ("CallFire"), Mike Rose, LLC ("Rose") and The Sports Network, Inc. ("Network") and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and related entities (collectively "Defendants"), in negligently, or willfully contacting Plaintiff on his cellular telephone via SMS or "text" messages and auto-dialed calls, without his prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced and because Defendants' contacts with this District are sufficient to subject them to personal jurisdiction. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendants transact business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendants occurred within this judicial district.

///

///

# PARTIES

4. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district.

5. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant CallFire is, and at all times mentioned herein was, a corporation registered in Delaware with its principal place of business located in California.

7. CallFire is a corporation that engages in mass text messaging on behalf of Rose, Network and thousands of other entities by way of automatic dialers without the recipients' consent. CallFire is an agent of Rose and Network and maintains control of its mass texting system. CallFire has the ability to influence, stop or resume such text messages as it desires unlike a "common carrier" as that term is defined by The FCC and case law. CallFire is the "sender" of the text messages and uses an Automatic Telephone Dialing System as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A).

8. CallFire's clients authorize CallFire to transmit telemarketing text messages on the clients' behalf. CallFire's Terms of Service say; "you further agree that CallFire is, under no circumstances, responsible for the contents and/or accuracy of your messages or broadcasts and CallFire will only transmit them…". CallFire receives instructions from its clients and transmits text messages based on those instructions.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Rose is, and at all times mentioned herein was, a limited liability company registered in Nevada with its principal place of business located in Nevada.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant Network is, and at all times mentioned herein was, a corporation registered in New York with its principal place of business located in New York.

3

Complaint for Damages

11. Defendants are, and at all times mentioned herein were, "persons", as defined by 47 U.S.C. § 153(32).

## FACTUAL ALLEGATIONS

12. One of the newest types of advertising practices is to use Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When a SMS or "text" message call is successfully made, the recipient's cell phone rings or otherwise notes the receipt of the text message, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

14. Such text messages cost the recipients money, because cellular telephone users must frequently pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized. A text message is a call under the TCPA. *Hickey v. Voxernet, LLC*, 887 F.Supp.2d 1125, 1129 (W.D. Wash. 2012)

15. At no time prior to Defendants' initial contact with Plaintiff did Plaintiff provide his cellular telephone number to Defendants through any medium.

16. At no time did Plaintiff ever enter into a business relationship with Defendants.

17. On October 28, 2013, Plaintiff called a telephone number ending in 0204 from his cellular telephone ending in 6552. The 0204 number was advertised on The Howard Stern show as belonging to a company that gives advice on choosing the winner of sports competitions.

///

4

**Complaint for Damages**

18. A pre-recorded message answered Plaintiff's call on October 28, 2013 and identified itself as belonging to Mike Rose. The recording was an advertisement that was asking for money in exchange for advice so Plaintiff immediately hung up.

19. Approximately 2 (two) hours later at 4:14 pm on October 28, 2013, Plaintiff received a text message that read ""2-0" Michael Rose. $99 for 1 month of service. Must go 2-0 tonight or season free. Reply 1028 if interested. 1 month $99 must go 2-0 or season free.".

20. This was the first of no less than 47 (forty-seven) related text messages that Plaintiff received from Defendants since October 28, 2013, including at least 28 (twenty-eight) messages from the number 25827 which is not even a "real" telephone number. Plaintiff researched the number 25827 and learned it belongs to CallFire, Inc. in Santa Monica, CA.

21. On May 9, 2014 Plaintiff called CallFire at a number ending in 9383 and the representative confirmed the number 25827 belongs to CallFire. Plaintiff informed the representative that he was receiving unsolicited and harassing text messages from 25827. The representative said he wanted to address the issue and Plaintiff has not received any text messages or calls from Defendants since May 9, 2014.

22. Plaintiff discovered the company that originally placed the advertisement on The Howard Stern Show was The Sports Network, Inc. in Farmingdale, NY.

23. Defendants also called Plaintiff's cellular telephone at least 6 (six) times using an automatic telephone dialing system. Plaintiff knows Defendants called many more times and will seek to obtain the applicable outbound dial list from Defendants in Discovery.

24. Defendants utilized an Automatic Telephone Dialing System as defined by 47 U.S.C. § 227 (a)(1) to place the texts and calls to Plaintiff.

///

5
Complaint for Damages

25. Plaintiff never gave Defendants consent to call or text his cellular telephone. Plaintiff believes Defendants obtained Plaintiff's cellular telephone number through a method that did not involve Plaintiff voluntarily providing such number, perhaps by "trapping" such number, i.e., making a record of his cellular telephone number using caller identification technology.

26. Defendant texted Plaintiff on his cellular telephone ending 6552 at least 47 (forty-seven) times and called him at least 6 (six) times via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. The telephone number Defendant or their agents called and texted was assigned to a cellular telephone ending 6552 for which Plaintiff incurs a charge for incoming calls and texts as set forth in 47 U.S.C. § 227(b)(1)(A)(iii).

28. These telephone calls and texts constituted calls and texts that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. These telephone calls and texts by Defendants or their agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

30. If not directly liable, CallFire is vicariously liable under agency law for the texts and calls because it knew or consciously avoided knowing that Defendants would use its services illegally. If CallFire did not send the texts, it provided substantial assistance or support when it knew, or should have known, that the Defendants were violating the TCPA.

31. CallFire has demonstrated a high degree of involvement in TCPA violations and has failed to take steps to prevent such transmissions when it clearly has the ability to do so. For example, CallFire does confirm it has prior express consent to call or text cellular telephones prior to doing so.

///

6
**Complaint for Damages**

32. In a Declaratory Ruling dated March 27, 2014, The FCC confirmed "that a caller remains liable for TCPA violations when it relies upon the assertion of an intermediary that the consumer has given such prior express consent" and emphasized "that the intermediary may only convey consent that has actually been provided by the consumer".

33. On August 25, 2009, Club Texting, Inc. filed a petition with the FCC seeking a Declaratory Ruling "that, consistent with the treatment of fax broadcasters, text broadcasters are not "senders" of text messages under [the TCPA]." *Petition for Declaratory Ruling,* Docket No. 02-278, at 1 (Aug. 25, 2009) ("Petition"). The petition has been pending since 2009 and the FCC is not likely to rule on it soon. Furthermore, the ruling will probably be prospective only and even if the decision is favorable to CallFire it would not absolve it from liability for the calls and texts alleged in this case. "Because plaintiff is seeking damages for past conduct, any change by the FCC is irrelevant to the question of whether defendant's conduct violated the TCPA at the time of its actions, as it would only apply to future conduct." *Swope v. Credit Mgmt., LP,* 2013 U.S. Dist. LEXIS 21991, *14 (E.D. Mo. Feb. 19, 2013).

34. Because the TCPA is a remedial statute, it should be construed to benefit consumers. *Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3d Cir. 2011)*

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**
**47 U.S.C. § 227**

35. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

7
**Complaint for Damages**

36. The TCPA regulates, among other things, the use of automated telephone equipment or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

37. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

38. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed calls to a wireless number are permitted only if the calls are made with the "prior express consent".[4]

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET *SEQ.***

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Each text message and call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send thousands of text messages to thousands

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

8

**Complaint for Damages**

of wireless phone numbers of consumers without human intervention. These text messages were made through the use of a short code and without the prior express consent of the Plaintiff to receive such text messages. Defendants also made thousands of auto-dialed telephone calls to consumers' cellular telephones using an ATDS without prior express consent.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq..

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future.

44. Plaintiff is also entitled to an award of attorney fees and costs.

## SECOND CAUSE OF ACTION

## KNOWING OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

45. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

46. Each text message and call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send thousands of text messages to thousands of wireless phone numbers of consumers without human intervention. These text messages were made through the use of a short code and without the prior express consent of the Plaintiff to receive such text messages. Defendants also made thousands of auto-dialed telephone calls to consumers' cellular telephones using an ATDS without prior express consent.

9

Complaint for Damages

47. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*.

48. As a result of Defendant's knowing or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future.

50. Plaintiff is also entitled to an award of attorney fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF

## THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

52. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

53. An award of attorneys' fees and costs to counsel for Plaintiff;

54. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION

## KNOWING OR WILLFUL VIOLATIONS

## OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

55. As a result of Defendant's willful or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00

(one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

56. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

57. An award of attorneys' fees and costs to counsel for Plaintiff;

58. Any other relief the Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: May 20, 2014

LAW OFFICE OF DANIEL G. SHAY

By: /s/ Daniel G. Shay, Esq.
Daniel G. Shay, Esq.
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Plaintiff Pro Se*

11

**Complaint for Damages**